MR. JUSTICE SHEEHY,
dissenting:
It is merely coincidental that Justice Hunt, who authors the majority opinion, was the Workers’ Compensation Judge whose decision not to award attorneys fees was affirmed in Cosgrove v. Industrial Indemnity Company (1976), 170 Mont. 249, 552 P.2d 622.
For my part I think we construe Section 39-71-611, MCA, too narrowly under the facts of this case. When the claimant, whose benefits had been refused by the State Fund, had to resort to the Workers* Compensation Court for relief, he did so under Section 39-71-2905, MCA. Under that statute, the Workers’ Compensation Judge has exclusive jurisdiction to make determinations concerning disputes for workers’ compensation. When a claim has been unreasonably delayed or refused by the insurer, either prior to or subsequent to the issuance of an order by the Workers’ Compensation Judge, the claimant is entitled to a penalty of 20 percent of the benefits under Section 39-71-2907, MCA.
A pretrial order in this case was entered by the Workers’ Compensation Court, agreed to by the parties on June 11, 1985. Under Section F. entitled “Issues to be Determined by the Court” the three issues listed were: (1) whether claimant was injured within the course and scope of his employment, (2) whether he was entitled to costs and attorneys fees pursuant to Section 39-71-611, MCA, and (3) whether he was entitled to the 20 percent penalty under Section 39-71-2907, MCA.
On the same day however, June 11, 1985, both counsels appeared before the Workers’ Compensation Court and there counsel for the State Fund confessed to the Court that the claim was compensable, and that the claimant was entitled to the 20 percent penalty for unreasonable delay. The question of claimant’s right to attorneys fees was reserved for briefing and the further order of the Court.
Although the Workers’ Compensation Court had exclusive jurisdiction of the claim at that point, it did not enter an order based on the stipulated liability of the State Fund. Since the Court had exclusive jurisdiction of all the issues under Section 39-71-2905, MCA, it should of course had entered an order making binding the stipulated *70 liability. The claimant in this case was entitled to a binding order from the Workers’ Compensation Court, which would have the effect of an adjudication for the purpose of attorneys fees under Section 39-71-611, MCA.
There is an important reason why attorneys fees as well as the penalty should be exacted in this case. Under Section 39-71-2905, MCA, it is provided that “the penalties and assessments allowed against an insurer under Chapter 71 are the exclusive penalties and assessments that can be assessed against an insurer for disputes arising under Chapters 71.” Here there is admission by the State Fund that it acted unreasonably in delaying refusing benefits to the claimant. If its actions were not in good faith, it is not liable for punitive damages. Birkenbuel v. Montana State Comp. Ins. Fund (1984), [212 Mont. 139,] 687 P.2d 700. It is the obvious intention of the legislature that penalties and assessments against the State Fund in particular are the weapons available to the Workers’ Compensation Court to ensure fair dealing with claimants. We should interpret the penalties and assessments to make the legislative intent effective.
I therefore dissent and would award in this case attorneys fees and costs, in addition to the 20 percent penalty. .